The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award with minor modifications.
At the time of the evidentiary hearing the parties entered into the following matters as:
 STIPULATIONS
1. At all times relevant hereto the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. Plaintiff sustained a compensable injury by accident on August 12, 1998.
3. At all times relevant hereto the employer-employee relationship existed between plaintiff and employer-defendant.
4. At all times relevant hereto, defendant-carrier listed above was the carrier on the risk.
5. On August 12, 1998, plaintiff's average weekly wage was Four Hundred Seventy-Two and 50/100 Dollars ($472.50), yielding a compensation rate of Three Hundred Fifteen and 02/100 Dollars ($315.02).
 **********
Based upon the Stipulations and the competent evidence of record, the Full Commission enters the additional:
 FINDINGS OF FACT
1. On August 12, 1998, plaintiff sustained an injury by accident as the result of which he sustained injuries to his back and right leg.
2. On July 27, 1999, plaintiff came under the care of Dr. Kern T. Carlton at The Rehab Center. Plaintiff finished the rehabilitation program in August, 1999, had made excellent progress, and was discharged at that time. Plaintiff sustained an aggravation of his injury in December 1999 and returned to The Rehab Center for treatment.
3. On February 15, 2000, plaintiff sustained a fall in the bathroom of his home. Thereafter, plaintiff was seen at the Frye Regional Medical Center Emergency room on the date of the fall. The emergency room record reflects that plaintiff reported falling that morning. On February 16, 2000, Dr. Herbert J. Schulten treated plaintiff. At that time, plaintiff's medical records reveal that he slipped on something and fell in his bathroom at home. Plaintiff testified that he fell as the result of his left leg giving way.
4. Dr. Carlton was treating plaintiff at The Rehab Center in January, 2000. Dr. Carlton testified that the symptoms plaintiff was experiencing in January 2000 were those that he had experienced following the injury by accident in August 1998, specifically, pain in his back and right leg. Dr. Carlton could offer no explanation as to why plaintiff's left leg would give out and could not state to any reasonable degree of medical certainty that plaintiff's fall was in any way a consequence of the original injury that occurred in August 1998. In his deposition, Dr. Carlton reviewed plaintiff's medical records and could not find a history that his left leg gave out before the February 2000 fall. Dr. Carlton also testified plaintiff had pain in his right leg but that he had not observed weakness in plaintiff's leg and could not give any explanation as to why the left leg gave way.
5. Plaintiff has failed to present any medical evidence to establish that his fall was in any way a direct and compensable consequence of the injury by accident that occurred on August 12, 1998.
 **********
The foregoing Stipulations and Findings of Fact engender the following:
 CONCLUSION OF LAW
Plaintiff failed to prove that his fall on February 15, 2000, was a direct and compensable result of the original injury by accident that occurred on August 12, 1998. G.S. § 97-2(6).
 **********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER